*249 Justice Thomas,
concurring.
The Court correctly concludes that its precedents establish a due process right to the pretrial exclusion of an unreliable eyewitness identification only if the identification results from police suggestion. I therefore join its opinion. I write separately because I would not extend Stovall v. Denno, 388 U. S. 293 (1967), and its progeny even if the reasoning of those opinions applied to this case. The Stovall line of cases is premised on a “substantive due process” right to “fundamental fairness.” See, e. g., id., at 299 (concluding that whether a suggestive identification “resulted in such unfairness that it infringed [the defendant’s] right to due process of law” is “open to all persons to allege and prove”); Manson v. Brathwaite, 432 U. S. 98, 113 (1977) (“The standard, after all, is that of fairness as required by the Due Process Clause of the Fourteenth Amendment”). In my view, those cases are wrongly decided because the Fourteenth Amendment’s Due Process Clause is not a “secret repository of substantive guarantees against ‘unfairness.’ ” BMW of North America, Inc. v. Gore, 517 U. S. 559, 598-599 (1996) (Scalia, J., joined by Thomas, J., dissenting); see also McDonald v. Chicago, 561 U. S. 742, 811 (2010) (Thomas, J., concurring in part and concurring in judgment) (“The notion that a constitutional provision that guarantees only ‘process’ before a person is deprived of life, liberty, or property could define the substance of those rights strains credulity”). Accordingly, I would limit the Court’s suggestive eyewitness identification eases to the precise circumstances that they involved.